**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) ) Plaintiff, ) ) v. ) ) DESHANE GANTT, ) ) Defendant. ) ) | **CRIMINAL ACTION** No. 10-10175-01 |

**MEMORANDUM AND ORDER**

Before the court are the following:

1. Defendant's pro se motion pursuant to 28 U.S.C. § 2255 (Doc. 57); and

2. Memorandum in support (Doc. 62).

Defendant's conviction and sentence were affirmed on direct appeal, 679 F.3d 1240 (10th Cir. 2012). Certiorari was denied on or about October 29, 2012 (Doc. 54).

Defendant pled guilty to brandishing a firearm during a crime of violence, 18 U.S.C. § 924(c)(1). He did so pursuant to a written plea agreement and petition to enter a plea. The petition, which defendant acknowledged he had read and understood and which was signed under oath, stated that he was pleading to an offense ". . . for which I may be prosecuted in a court of the United States . . . ." (Doc. 21). The plea agreement, which likewise was sworn to, stated that ". . . the Catholic Family Credit Union was insured by the National Credit Union Administration." (Doc. 22). Defendant was represented by an experienced federal public defender. At no time was the question of this court's subject matter jurisdiction raised, either in this court

or on direct appeal, obviously for good reason.

A defendant may challenge a district court's subject matter jurisdiction in a § 2255 motion. United States v. Birch, 169 F.3d 666, 668 (10th Cir. 1999). Defendant's argument is that this court lacked subject matter jurisdiction because, during the plea colloquy, it did not intone words like "this court has subject matter jurisdiction." ("There is no question that the court, in a guilty-plea proceeding, is required to make a finding of fact to solidify that Subject-Matter Jurisdiction has been established . . . .") No relevant authority is cited for this argument, probably because there is none.

Defendant next argues that the court abused its discretion by accepting defendant's plea to count 2 while allowing the government to agree to dismiss count 1 which charged bank robbery by force or violence in violation of 18 U.S.C. § 2113(a) and (d). No authority is cited in support of this nonsense argument. Apart from the prohibition of engaging in pretrial negotiations, the court cannot envision a situation in which he could or would refuse to accept a plea of guilty to a free-standing federal statute unless defendant also agreed to plead guilty to a separate crime which the government was agreeing to dismiss. (Defendant seems to believe that bank robbery is a "predicate offense" but cites not authority.) In any event, the plea agreement clearly sets forth defendant's admission that he robbed the credit union.

Subject matter jurisdiction may be challenged at any time. But defendant's remaining claims fall under a different standard. None of the remaining grounds were raised before this court or on direct appeal and "failure to raise an issue either at trial or on direct

appeal imposes a procedural bar to habeas review." United States v. Cervini, 379 F.3d 987, 990 (10th Cir. 2004) (internal citations omitted). There are two recognized exceptions to this rule but since defendant recognizes neither the rule nor the exceptions in his submissions, the court will not discuss them.

The second bar to the remaining claims is defendant's waiver of appeal in his plea agreement and his acknowledgment of the waiver during the plea colloquy (Doc. 50 at 13-14).

Defendant argues that the court abused its discretion by imposing restitution of money spent by the credit union to provide for extra security following the robbery. The president of the credit union testified at sentencing regarding the need for and the amount spent on extra security and her testimony was not challenged (Doc. 47 at 8). In addition, the amount was set forth in the president's letter attached to the presentence report (Doc. 30-1). Defendant acknowledged that he had viewed the presentence report, discussed it with his counsel and that there was nothing in the report which he wished to change or correct (Doc. 47 at 10). Defendant did not challenge restitution on direct appeal and he is procedurally barred from doing so now.

Defendant next argues that the prosecutor committed misconduct by negotiating a plea agreement calling for the dismissal of the bank robbery count. No authority is cited for this contention, which likewise is procedurally barred.

Defendant's final argument seems to be that his counsel was ineffective because he negotiated the plea which resulted in the dismissal of the bank robbery charge which the defendant claims,

without any sort of rational argument or citation to authority, constituted a "fraudulent predicate offense." The court supposes that this argument is not precluded by the collateral attack waiver but even if it is not, it is sufficiently bizarre to foreclose any further discussion of inadequacy of counsel.

Having fully reviewed defendant's submissions, the court finds that it had subject matter jurisdiction to accept defendant's guilty plea and impose sentence and that the files and records conclusively show that defendant is entitled to no relief on any of his other claims. Accordingly, defendant's § 2255 motion is denied.

IT IS SO ORDERED.

Dated this __22nd__ day of November 2013, at Wichita, Kansas.

s/Monti Belot
MONTI L. BELOT
UNITED STATES DISTRICT JUDGE
