# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

*Plaintiff,*

vs.

Case No. 10-CR-10175-EFM

DESHANE GANTT,

*Defendant.*

## MEMORANDUM AND ORDER

Petitioner Deshane Gantt has filed a "Motion Pursuant to Rule 60(b)(5) & (6) to Reopen Case and Set [Aside] Order Denying Relief" (Doc. 76). In this motion, he requests that the Court set aside a November 22, 2013 Order that denied his claims for relief asserted under 28 U.S.C. § 2255. The government contends that the Court lacks jurisdiction to rule on Petitioner's motion because it is an unauthorized successive § 2255 motion. In addition, the government contends that the motion is untimely and substantively infirm. As will be explained below, the Court dismisses Petitioner's motion because it lacks jurisdiction.

## I.    Factual and Procedural Background

The facts surrounding Petitioner's judgment of conviction are as follows. On November 9, 2010, Petitioner was charged with one count of bank robbery in violation of 18 U.S.C. § 2113(a) and (d) (Count I) and one count of carrying, using, and brandishing a firearm during and

relating to the bank robbery in violation of 18 U.S.C. § 924(c)(1) (Count II).  On January 24, 2011, Petitioner pled guilty to the second count.  In his written plea agreement, he admitted that he entered a federal credit union, armed with a 9 mm Highpoint pistol, and ordered several employees to the floor.  He removed cash, approximately $7,800, from the teller drawers and fled the building.  On April 25, 2011, the Court sentenced Petitioner to a term of 20 years.

On May 2, 2011, Petitioner appealed his conviction and sentence to the Tenth Circuit Court of Appeals.  He argued that the district court's sentence was both procedurally and substantively unreasonable.  The Tenth Circuit affirmed the Court's decision in a decision dated May 30, 2012.  In that opinion, the Tenth Circuit stated that "Defendant's sentence was procedurally reasonable because the district court adequately explained why it varied from the guideline sentence, and it was substantively reasonable because the length of the sentence was not an abuse of discretion."[1]

On November 1, 2013, Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255.  In this motion, Petitioner, proceeding pro se, argued multiple grounds of error including (1) that the district court was without subject matter jurisdiction, (2) that the district judge abused his discretion, (3) prosecutorial misconduct, and (4) ineffective assistance of counsel.  On November 22, 2013, the district court found Petitioner's arguments to be without merit and thus denied Petitioner's motion.  Petitioner appealed the order to the Tenth Circuit.  On April 8, 2014, the Tenth Circuit dismissed the appeal for lack of prosecution.

Over three years later, on July 19, 2017, Petitioner filed this Motion for Reconsideration.  He states that he is proceeding under Fed. R. Civ. P. 60(b)(5) and (6).  In this motion, he requests

---

[1] *United States v. Gantt*, 679 F.3d 1240, 1243 (10th Cir. 2012).

that the Court reopen the case and set aside the previous order denying his § 2255 claim.  He also states that he would like the Court to vacate its prior judgment and withdraw his plea for ineffective assistance of counsel.  In the alternative, he requests an evidentiary hearing.

## II.     Legal Standard

Under 28 U.S.C. § 2255(a),

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

According to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts,

> [t]he judge who receives the motion must properly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . . If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief."[2]  The petitioner must allege facts that, if proven, would warrant relief from his conviction or sentence.[3]  An evidentiary hearing is not necessary where a § 2255 motion contains factual allegations that

---

[2] 28 U.S.C. § 2255(b).

[3] *See Hatch v. Okla.*, 58 F.3d 1447, 1471 (10th Cir. 1995), *overruled in part on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n. 1 (10th Cir. 2001).

are contradicted by the record, inherently incredible, or when they are conclusions rather than statements of fact.[4]

### III.    Analysis

Petitioner filed his motion under Rule 60(b).  He asserts that he had a number of substantive ineffective assistance claims that were not properly raised in his first § 2255 motion.[5] Because he asserts that multiple ineffective assistance claims were not included in the first motion, he states that it is necessary for him to now file a Rule 60(b) motion.

The Court must first determine whether Petitioner's motion is a Rule 60(b) motion or in reality an unauthorized second § 2255 motion.[6]  Prisoners may file Rule 60(b) motions in certain circumstances.[7]  A Rule 60(b) motion, however, is considered a successive § 2255 motion if the motion in substance or effect raises a federal basis for relief to upset the petitioner's underlying conviction.[8]  The Tenth Circuit provides guidance as to what constitutes a true 60(b) motion or a successive § 2255 motion.[9]

> [A] 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction.  Conversely, it is a "true" 60(b) motion if it either (1) challenges only

---

[4] *See id.* (stating that "the allegations must be specific and particularized, not general or conclusory"); *see also United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (rejecting ineffective assistance of counsel claims that were merely conclusory in nature and without supporting factual averments).

[5] Petitioner claims that he received legal help from an inmate legal assistant and that legal inmate filed the "totally without merit" previous § 2255 motion.  The Court notes that Petitioner proceeded pro se with regard to his previous motion and thus it was Petitioner asserting the arguments in the previous motion despite getting help from an "inmate legal assistant."

[6] *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006); *see also United States v. Nelson*, 465 F.3d 1145, 1149 (10th Cir. 2006) (noting that "[i]t is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion.").

[7] *Spitznas*, 464 F.3d at 1215 (citing *Gonzales v. Crosby*, 545 U.S. 524 (2005)).

[8] *Id.*

[9] *Id.* at 1216.

a procedural ruling of the habeas court which precluded a merits determination of the habeas application, or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.[10]

In this case, Petitioner claims that his motion is a true 60(b) motion because he challenges a defect in the integrity of the prior habeas proceeding in that he did not have counsel to adequately argue his ineffective assistance claim in his first § 2255 motion. He claims that the absence of counsel resulted in him failing to raise a substantial claim of ineffective assistance and is cause to set aside the judgment. Yet, Petitioner does not have a right to counsel during his § 2255 proceeding.[11] Furthermore, Petitioner filed the previous § 2255 motion, proceeding pro se, and argued an ineffective assistance of counsel claim. Petitioner cannot now complain that his own arguments missed the mark.

In the current motion before the Court, Petitioner then proceeds to state all of the reasons that should have been asserted with regard to his ineffective assistance of counsel claim. However, Petitioner previously asserted most of these arguments albeit in a little different manner.[12] To the extent that Petitioner is asserting a new rationale for his ineffective assistance of counsel claim, he cannot do so because the assertion of a "new ground for relief from the final judgment is also treated as a successive 2255 petition."[13] Here, Petitioner is requesting the Court vacate its prior judgment and allow him to withdraw his plea. Although Petitioner states that he is challenging a "defect" in the previous habeas proceeding, he actually challenges the merits of

---

[10] *Id.* (citations omitted).

[11] *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions.").

[12] For example, Petitioner claimed in his first § 2255 that there was prosecutorial misconduct. Here, he claims that his trial counsel was ineffective because he failed to inform the Court of the prosecutorial misconduct.

[13] *United States v. Vazquez-Villa*, 2015 WL 163005, at *1 (D. Kan. 2015).

the previous disposition.  The substance of Petitioner's motion challenges the validity of his sentence and reasserts ineffective assistance of counsel claims.  Thus, the Court concludes that Petitioner's motion is not a true Rule 60(b) motion but is instead a successive § 2255 motion.

Because Petitioner's motion is a successive § 2255 motion, he may not file it unless the Tenth Circuit authorizes the district court to consider it.[14]  When a successive § 2255 motion is filed without authorization, "the district court may transfer the matter to [the Tenth Circuit] if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction."[15]  A successive § 2255 motion is only authorized if it contains "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[16]  In this case, Petitioner identifies neither.  Indeed as stated above, Petitioner is simply attempting to reassert a claim of ineffective assistance of counsel that he previously raised in his prior § 2255 motion. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter to [the Tenth Circuit] for authorization."[17]  Because Petitioner does not have a potential meritorious claim, it is not in the interests of justice to transfer the case to the Tenth Circuit.  Accordingly, this Court must dismiss this motion for lack of jurisdiction because it does not have the authority to hear a successive § 2255 motion.

---

[14] 28 U.S.C. §§ 2244(b)(3) and 2255(h).

[15] *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

[16] *See* 28 U.S.C. §§ 2255(h)(1)-(2) and 2244(b)(2).

[17] *In re Cline*, 531 F.3d at 1252.

**IT IS THEREFORE ORDERED** that Petitioner's Motion Pursuant to Rule 60(b)(5) & (6) to Reopen Case and Set [Aside] Order Denying Relief (Doc. 76) is hereby **DISMISSED FOR LACK OF JURISDICTION**.

**IT IS SO ORDERED**.

Dated this 17th day of January, 2018.


ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE