# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>vs.<br><br>DESHANE GANTT,<br><br>*Defendant.* | Case No. 10-CR-10175-EFM |

## MEMORANDUM AND ORDER

Petitioner Deshane Gantt has filed a Motion to Amend Judgment under Fed. R. Civ. P. 59(e) and a Request for the District Court to Find the Facts Specially and State the Conclusions of Law Separately under Fed. R. Civ. P. 52(a)(1) (Doc. 101) . He also seeks an evidentiary hearing (Doc. 111). For the following reasons, the Court denies Petitioner's motions.

### I.     Factual and Procedural Background

On November 9, 2010, Petitioner was charged with one count of bank robbery in violation of 18 U.S.C. § 2113(a) and (d) (Count I) and one count of carrying, using, and brandishing a firearm during and relating to the bank robbery in violation of 18 U.S.C. § 924(c)(1) (Count II). On January 24, 2011, Petitioner pled guilty to the second count. In his written plea agreement, he admitted that he entered a federal credit union, armed with a 9 mm Highpoint pistol, and ordered

several employees to the floor. He removed cash, approximately $7,800, from the teller drawers and fled the building. On April 25, 2011, the Court sentenced Petitioner to a term of 20 years.

On May 2, 2011, Petitioner appealed his conviction and sentence to the Tenth Circuit Court of Appeals. He argued that the district court's sentence was both procedurally and substantively unreasonable. The Tenth Circuit affirmed the Court's decision in a decision dated May 30, 2012. In that opinion, the Tenth Circuit stated that "Defendant's sentence was procedurally reasonable because the district court adequately explained why it varied from the guideline sentence, and it was substantively reasonable because the length of the sentence was not an abuse of discretion."[1]

On November 1, 2013, Petitioner filed a Motion to Vacate under 28 U.S.C. § 2255. In this motion, Petitioner, proceeding pro se, argued multiple grounds of error including (1) that the district court was without subject matter jurisdiction, (2) that the district judge abused his discretion, (3) prosecutorial misconduct, and (4) ineffective assistance of counsel. On November 22, 2013, the district court found Petitioner's arguments to be without merit and thus denied Petitioner's motion. Petitioner appealed the order to the Tenth Circuit. On April 8, 2014, the Tenth Circuit dismissed the appeal for lack of prosecution.

Over three years later, on July 19, 2017, Petitioner filed a Motion for Reconsideration. He stated that he brought the motion pursuant to Fed. R. Civ. P. 60(b)(5) and (6). He claimed that he had a number of substantive ineffective assistance claims that were not properly raised in his first § 2255 motion. The Court denied the Rule 60(b) motion finding that Petitioner brought an improper successive § 2255 motion. Thus, the Court dismissed Petitioner's motion for lack of jurisdiction.

---

[1] *United States v. Gantt*, 679 F.3d 1240, 1243 (10th Cir. 2012).

Petitioner is now before the Court again. He seeks relief from the denial of his Rule 60(b) motion under Fed. R. Civ. P. 59(e). He claims that the Court committed clear error.

## II. Legal Standard

Rule 59(e) of the Federal Rules of Civil Procedure permits a party to request reconsideration of a final judgment. The Court will reconsider an earlier judgment if the movant presents evidence of (1) an intervening change in the controlling law, (2) newly discovered evidence, or (3) the need to correct clear error.[2] Rule 59(e) is not an appropriate vehicle for revisiting issues already considered or arguing matters that were not raised in prior briefs.[3]

## III. Analysis

Petitioner contends that the Court committed clear error because it misapprehended his argument in his previous 60(b) motion. He states that he filed a true 60(b) motion in this Court because he presented a claim that a defect occurred in his initial § 2255 proceeding. Petitioner asserts that the Court instead construed his argument to be that he had a Sixth Amendment right to counsel in his initial 2255 proceedings. Petitioner is mistaken.

The Court previously considered whether Petitioner established a defect in the integrity of the federal habeas proceeding. The Court cited the Tenth Circuit's standard when determining whether Petitioner's motion was a true 60(b) motion or a successive 2255.

> [A] 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction. Conversely, it is a "true" 60(b) motion if it either (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application, or (2) challenges a defect in the integrity of the federal habeas

---

[2] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

[3] *Id.*

-3-

proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.[4]

The Court concluded that although Petitioner stated in his 60(b) motion that he was challenging a defect in the previous proceeding (the 2255 filed in 2013), he was actually challenging the merits of the previous disposition. In making this conclusion, the Court noted that Petitioner previously asserted an ineffective assistance counsel claim (in his 2255)[5] based on his counsel's performance in negotiating his plea agreement and handling his plea.

Stated another way, Petitioner's claim for ineffective assistance at trial (or during plea proceedings in this case) was not procedurally defaulted by prior ineffective counsel because he *did* in fact raise an ineffective assistance of counsel claim in his initial 2255 motion. His 60(b) motion simply sought to rely upon a different rationale for his claim of ineffective counsel. "A post-habeas motion is proper under Rule 60(b) when it challenges the integrity of the habeas proceedings, but must be treated as a second or successive habeas petition to the extent it invites further review of the substantive habeas claims already decided on the merits."[6] Thus, it was proper to find that Petitioner's challenge inextricably led to a merits-based attack on the previous ruling and proper to treat Petitioner's motion as a successive 2255. Accordingly, Petitioner has not demonstrated that the Court committed clear error in deciding Petitioner's 60(b) motion.

Even if the Court could have construed Petitioner's motion as a true 60(b) motion, Petitioner still has no basis for relief. Rule 60(b)(6) allows relief for "any other reason that justifies

---

[4] *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006) (citation omitted).

[5] *See* Doc. 62. The Court even considered Petitioner's argument and found it to be without merit and thus Petitioner was not entitled to any relief. *See* Doc. 63, pp. 3-4.

[6] *United States v. Vazquez-Villa*, 2015 WL 163005, at *1 (D. Kan. 2015) (citing *In re Pickard*, 681 F.3d 1201, 1204 (10th Cir. 2012)).

relief." Relief is only available under this provision when a petitioner shows "extraordinary circumstances."[7]

Petitioner argues that his lack of effective counsel in his previous 2255 proceeding established cause for his default of a claim of ineffective assistance at trial. He relies heavily on *Martinez v. Ryan*[8] and *Trevino v. Thaler*[9] for support. The United States Supreme Court held in *Martinez*:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial, if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.[10]

In *Trevino*, the United States Supreme Court applied the holding in *Martinez* to Texas law because Texas law functionally prohibited a defendant from raising a claim for ineffective assistance of counsel on direct appeal and instead required the defendant to raise it in an initial-review collateral proceeding.[11]

These cases provide Petitioner with no help.[12] Here, Petitioner could have raised an ineffective assistance of counsel claim in his direct appeal to the Tenth Circuit (his initial-review proceeding). Thus, his collateral proceeding was not the first time he could have raised an

---

[7] *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)).

[8] 566 U.S. 1 (2012).

[9] 569 U.S. 413 (2013).

[10] *Martinez*, 566 U.S. at 17.

[11] *Trevino*, 569 U.S. at 429.

[12] The Court also notes that both *Martinez* and *Trevino* involved state court procedures in conjunction with federal law because those defendants were convicted and sentenced in state court and sought federal review in a habeas petition under § 2254.

ineffective assistance of counsel claim. Furthermore, as noted above, Petitioner did in fact raise an ineffective assistance of counsel claim in his collateral proceeding (his first 2255). Accordingly, Petitioner cannot demonstrate extraordinary circumstances justifying relief under Rule 60(b).

Petitioner also references Fed. R. Civ. P. 52(a)(1) in filing this motion, but he provides no argument regarding this rule. Indeed, it is not applicable in this case. This rule relates to civil bench trials.[13] Petitioner pled guilty to criminal charges. Finally, the Court denies Petitioner's request for an evidentiary hearing.

**IT IS THEREFORE ORDERED** that Petitioner's Motion to Amend Judgment under Fed. R. Civ. P. 59(e) and a Request for the District Court to Find the Facts Specially and State the Conclusions of Law Separately under Fed. R. Civ. P. 52(a)(1) (Doc. 101) is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Evidentiary Hearing (Doc. 111) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 13th day of July, 2018.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[13] *United States v. Wilson*, 545 F. App'x 714, 716 (10th Cir. 2013).