IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

                    *Plaintiff,*

           vs.                                            Case No. 10-10175-01-EFM

DESHANE GANTT,

                    *Defendant.*

## MEMORANDUM AND ORDER

In 2011, Defendant Deshane Gantt pled guilty to carrying, using, and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Citing in particular the testimony of the credit union employees who described Defendant's conduct during the robbery,[1] the Court imposed a sentence of 240 months imprisonment.[2] The Tenth Circuit affirmed Defendant's conviction and sentence in 2012.[3]

---

[1] Dkt. 47, at 21.

[2] Dkt. 38.

[3] *United States v. Gantt*, 679 F.3d 1240 (10th Cir. 2012).

Defendant moved to vacate his sentence pursuant to 28 U.S.C. § 2255 in 2013. The court denied this motion on November 22, 2013.[4] The Tenth Circuit dismissed Defendant's appeal of this decision for lack of prosecution on April 8, 2014.

The case was transferred to the undersigned in 2015. In 2017, Defendant filed a motion to set aside the earlier denial of his § 2255 motion.[5] The Court held that Defendant's motion, although nominally filed as a motion pursuant to Fed.R.Civ.Pr. 60(b), was really a successive § 2255 motion filed without the required approval of the Tenth Circuit.[6] The Court declined to transfer the matter to the Tenth Circuit for such approval, denied reconsideration, and denied Defendant's request for a certificate of appealability (COA).[7] On February 5, 2019, the Tenth Circuit also denied Defendant's request for a COA and dismissed the action, agreeing that his motion asserting ineffective assistance was indeed "an unauthorized second or successive § 2255 motion, as the district court determined."[8]

In his most recent motion, Defendant asks that the Court "reconsider my sentence." He argues that at the time of the sentencing, the sentencing judge failed to "take into consideration … the need to avoid unwarranted sentence disparities among

---

[4] Dkt. 63.

[5] Dkt. 76.

[6] *See* 28 U.S.C. § 2244(b)(3) and 2255(h).

[7] Dkt. 98, 117, 122.

[8] Dkt. 128, at 9-10.

defendants with similar records who have been found guilty of similar conduct," resulting, he argues, in a sentence "makes no sense."[9]

The Court adopts and incorporates here its prior summary of the rules relating to successive collateral relief.[10]  Defendant does present any procedural challenge in the resolution of his earlier § 2255 motion, as in a true Rule 60(b) motion, but attacks the validity of his sentence itself as "gross and unjust."[11]  Thus, the problem is not merely that Defendant is presenting disparity-based arguments against his sentence which were expressly rejected in Defendant's direct appeal.[12]  Rather, by directly attacking the validity of his sentence, Defendant presents a challenge which, in the absence of certification for a successive § 2255 motion,  the Court lacks jurisdiction to address.

The Court declines to transfer the present action for such certification, and will not issue a COA.[13]  Given the Tenth Circuit's express determination that Defendant's sentence is not unreasonable, he has not presented a potentially meritorious claim, nor

---

[9] *Id.* Defendant also notes the First Step Act of 2018, which eliminated the stacking of § 924(c) offenses. But the Defendant was not sentenced based on stacked § 924(c) charges.  He was convicted of a single offense, and sentenced based on conduct which the sentencing judge viewed as particularly heinous.

[10] Dkt. 98, at 4-5 (citing *Spitznas v. Boone*, 464 F.3d 1213, 1215 (10th Cir. 2006))

[11] Dkt. 132, at 1.

[12] In the 2012 direct appeal, the Tenth Circuit recognized that the district court had fashioned its own, non-guidelines sentence, and rejected Defendant's claim that the sentence was disproportionate to that received by other defendants for similar conduct.  That claim "fail[ed] because the court clearly considered that the sentence was far from a guidelines sentence," and was explicitly imposed as a variance from the guidelines. 679 F.3d at 1248. The court also found that the 240 month sentence was not substantively unreasonable. *Id.* at 1250-51.

[13] The Court has previously articulated the relevant standards.  *See, respectively,* Dkt. 98, at 6, and Dkt. 122, at 2.

has he demonstrated a potential constitutional deprivation about which reasonable jurists might debate.

**IT IS THEREFORE ORDERED** that the Defendant's Request to Reconsider Sentence (Dkt. 132) is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated this 5th day of January, 2022.


ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

4