IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 10-10175-01-EFM

DESHANE GANTT,

    *Defendant.*

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Deshane Gantt's Motion for Compassionate Release (Doc. 135). He seeks early release from prison due to his young age at the time he committed the offense, the length and disparity of his sentence between other defendants who committed the same offense, his post-rehabilitation conduct, and the support he will have if released from prison. The government opposes Defendant's motion. For the reasons stated in more detail below, the Court denies Defendant's motion.

**I.    Factual and Procedural Background**

On November 9, 2010, Defendant was charged with three counts: (1) bank robbery in violation of 18 U.S.C. § 2113(a) and (d); (2) one count of carrying, using, and brandishing a firearm during and relating to a bank robbery in violation of 18 U.S.C. § 924(c)(1); (3) felon in possession

of a firearm in violation of 18 U.S.C. § 922(g)(1). On January 24, 2011, he pleaded guilty to Count II, brandishing a firearm during and in relation to a crime of violence.

The government and Defendant entered into a plea agreement in which the government agreed to recommend a sentence at the low end of the sentencing guidelines. "For a violation of § 924(c), however, the Sentencing Guidelines do not provide a guideline sentencing *range* but only a guideline sentence, which is the statutory mandatory minimum."[1] The statutory minimum for Defendant's violation, brandishing a firearm, was seven years, to be served consecutively to any other sentence.[2] Thus, Defendant's guideline sentence was seven years.

On April 25, 2011, Defendant was sentenced to 20 years' imprisonment.[3] The Court varied from the seven-year statutory guideline sentence finding a seven-year sentence to be "woefully inadequate." The Court noted the seriousness of Defendant's offense and his prior criminal record, which included several juvenile offenses and an aggravated battery conviction when he was 18 years old for shooting an individual with a gun. The Court stated that it was impressed by Defendant's parents and had difficulty understanding why Defendant was in front of him. Ultimately, the Court determined that there was a need to provide adequate deterrence from committing future crimes and to protect the public. Thus, the Court imposed 240 months' imprisonment.

Defendant appealed his conviction and sentence to the Tenth Circuit Court of Appeals. He argued that the district court's sentence was both procedurally and substantively unreasonable.

---

[1] *United States v. Gantt*, 679 F.3d 1240, 1243 (10th Cir. 2012) (citations omitted).

[2] 18 U.S.C. § 924(c)(1)(A)(ii), (D)(ii).

[3] Judge Monti Belot was originally assigned to this case. In 2015, the case was transferred to the undersigned.

The Tenth Circuit affirmed the Court's decision in a decision dated May 30, 2012. In that opinion, the Tenth Circuit stated that "Defendant's sentence was procedurally reasonable because the district court adequately explained why it varied from the guideline sentence, and it was substantively reasonable because the length of the sentence was not an abuse of discretion."[4]

In 2013, Defendant filed a motion pursuant to 28 U.S.C. § 2255 which the Court denied. In 2014, the Tenth Circuit dismissed Defendant's appeal due to lack of prosecution. In 2017, Defendant filed a motion for reconsideration of his previous § 2255, but the Court construed it as a successive § 2255 motion and dismissed it for lack of jurisdiction. Defendant also requested reconsideration of that order. The Court denied that motion and then issued an order denying Defendant a Certificate of Appealability. On February 5, 2019, the Tenth Circuit also denied Defendant a Certificate of Appealability. In early 2022, Defendant filed another motion that the Court construed as a request to reconsider sentence, and the Court dismissed it for lack of jurisdiction.

On August 23, 2022, Defendant filed the instant motion seeking compassionate release pursuant to 18 U.S.C. § 3582. Defendant is 33 years old, and his projected release date is July 25, 2028. He asserts that his young age at the time he committed the offense, the length and disparity of his sentence between other defendants who committed the same offense, his post-rehabilitation conduct, and the support he will have if released from prison warrant compassionate release. The government opposes his motion.

---

[4] *Gantt*, 679 F.3d at 1243.

## II. Legal Standard

The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow a defendant to file his own motion for release.[5] It allows defendants to seek early release from prison provided certain conditions are met. First, a criminal defendant may file a motion for compassionate release only if: (1) "the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf" or; (2) 30 days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[6] Exhaustion is a mandatory claim-processing rule in the Tenth Circuit.[7]

If a defendant satisfies the exhaustion requirement, the Tenth Circuit has set forth a three-part test for district courts to use when deciding a defendant's motion.[8] This test requires the Court to consider whether (1) "extraordinary and compelling reasons" warrant the sentence reduction, (2) "such reduction is consistent with *applicable* policy statements issued by the Sentencing Commission," and (3) any reduction is consistent with the applicable sentencing factors set forth in 18 U.S.C. § 3553(a).[9] However, "the Sentencing Commission's existing policy statement is applicable only to motions filed by the Director of the BOP, and not to motions filed directly by

---

[5] *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

[6] 18 U.S.C. § 3582(c)(1)(A).

[7] *United States v. Hemmelgarn*, 15 F.4th 1027, 1030-31 (10th Cir. 2021).

[8] *United States v. McGee*, 992 F.3d 1035, 1042-43 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)); *see also United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021) (discussing and employing the same three-part test).

[9] *McGee*, 992 F.3d at 1042-43 (citations and internal quotation marks omitted).

defendants."[10]  If the Court denies the motion because the defendant fails to meet one of the prerequisites, it may do so without addressing all three factors.[11]  If, however, the Court grants the motion, the Court must address all steps.[12]

### III.   Analysis

Defendant seeks early release due to his young age at the time he committed the offense, the length of and disparity of his sentence between other defendants who committed the same offense, his post-rehabilitation conduct, and the support he will have if released from prison.  The government asserts that Defendant is not an appropriate candidate for early release.

**A.   Exhaustion**

Defendant has satisfied the exhaustion requirement described in § 3582(c).  He requested compassionate release from the Warden, and it was denied on September 28, 2021.  The government also concedes that Defendant meets the exhaustion requirement.  Thus, the Court proceeds to determine the merits of Defendant's motion.

**B.   Extraordinary and Compelling Reasons**

Defendant next asserts that his young age at the time he committed the offense, the length of and disparity of his sentence between other defendants who committed the same offense, his

---

[10] *Maumau*, 993 F.3d at 837 (citations omitted); *see also United States v. Hald*, 8 F.4th 932, 947 n.9 (10th Cir. 2021) (noting that the district court cannot err when it does not address the second step—the applicable policy statement—when there is not an applicable policy statement to motions filed by the defendant).

[11] *McGee*, 992 F.3d at 1043 (citation omitted); *see also Hald*, 8 F.4th at 942-43 (explicitly stating that a district court can choose which order to consider the three steps, and "[i]f the most convenient way for the district court to dispose of a motion for compassionate release is to reject it for failure to satisfy one of the steps, we see no benefit in requiring it to make the useless gesture of determining whether one of the other steps is satisfied.").

[12] *McGee*, 992 F.3d at 1043 (citation omitted).

post-rehabilitation conduct, and the support he will have if released from prison constitute an extraordinary and compelling reason warranting a sentence reduction under § 3582(c)(1)(A).

"District courts, in carrying out the first step of § 3582(c)(1)(A)'s statutory test, decide for themselves whether 'extraordinary and compelling reasons' exist in a given case."[13] Indeed, in *United States v. Maumau*, the Tenth Circuit explicitly determined that the district court correctly determined that the defendant's young age at the time of sentencing, the "incredible" length of his stacked mandatory sentences under § 924(c), and the subsequent elimination of the mandatory stacking of sentences amounted to an extraordinary and compelling reason allowing for a sentence reduction.[14] Although the Court has "substantial discretion" in determining what constitutes an extraordinary and compelling reason, the amendments to § 3582(c)(1)(A) did "not create an open season for resentencing."[15]

In this case, Defendant was 21 years old when he committed the offense and when he was sentenced. Thus, he was relatively young, and this factor plays into the Court's consideration.[16]

Defendant next argues that his 20-year sentence overstates the nature and circumstances of the offense especially when compared to other defendants with similar records and conduct. The Court acknowledges and notes that the imposition of a twenty-year sentence, when Defendant entered into a plea agreement believing he was going to receive a guideline sentence of seven

---

[13] *Maumau*, 993 F.3d at 833.

[14] *Maumau*, 933 F.3d at 837. The Court notes that the First Step Act eliminated the stacking of § 924(c) offenses. In this case, although Defendant was sentenced pursuant to § 924(c), he was not subject to stacked § 924(c) charges. Thus, the First Step Act's amendments to § 924(c) did not and would not factor into Defendant's sentence.

[15] *Hald*, 8 F.4th at 938, n. 4.

[16] *See United States v. Maumau*, 2020 WL 806121, at *5 (D. Utah 2020) (noting one of the extraordinary and compelling reasons was that the defendant was 20 years old when he was arrested and 24 years old when he was sentenced).

years, is lengthy.  This is particularly so because had Defendant been convicted as charged on all three counts, the guideline sentencing range would have been 147 to 162 months.[17]  Thus, the imposition of a twenty-year sentence when Defendant believed he would receive a guideline sentence of seven years is lengthy and outside the guideline range.  It also appears that there is a great disparity between Defendant's sentence and other Defendants' sentences who would receive a guideline sentence.

Unfortunately for Defendant, his attorney previously made the argument that a thirteen-year variance was inconsistent with the sentencing factors in 18 U.S.C. § 3553.  Judge Belot rejected Defendant's arguments and found that the twenty-year sentence was appropriate under the circumstances.  And on appeal, the Tenth Circuit determined that Defendant's sentence was both procedurally and substantively reasonable.[18]  The Tenth Circuit noted Defendant's argument about the "disparity between his sentence and the sentences of others convicted of violating 18 U.S.C. § 924(c)(1)," but it determined that the district court did not plainly err.[19]  Procedurally, the circuit found that "the [district] court clearly considered that the sentence was far from a guidelines sentence."[20]  Substantively, the circuit concluded that the sentence's "length was not arbitrary or otherwise unreasonable.  The district court noted the seriousness of the offense, Defendant's recidivism in using firearms, and the need to protect the public.  In these circumstances, the 20-

---

[17] *See* PreSentence Investigation Report, Doc. 30, p. 20, ¶ 73.  The Court notes, however, that the Court could have varied or departed from this guideline sentence as well if it found that the § 3553(a) factors supported a variance or departure.

[18] *Gantt*, 679 F.3d at 1243.

[19] *Id.* at 1248.

[20] *Id.*

year sentence was within the range of reasonableness."[21]  Thus, the Court is constrained by previous rulings that Defendant's twenty-year sentence is reasonable under § 3553, and it cannot create an end-run around these rulings by holding otherwise in a motion for compassionate release.[22]  Accordingly, in this case, the length and disparity of Defendant's sentence is not an appropriate consideration as an extraordinary or compelling reason for compassionate release.

Defendant also argues that his post-rehabilitation conduct supports a reduction in his sentence because he has made significant strides toward self-improvement.  However, 28 U.S.C. § 994(t) provides that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason."[23]  Thus, other circumstances must exist to constitute an extraordinary and compelling reason for a sentence reduction.  And as noted above, Defendant's lengthy sentence cannot be one of those factors in this case.

In addition, although the Court commends Defendant for taking classes and maintaining a job in prison, his prison record also contains several violations.  The Court recognizes that several offenses occurred early in prison and several recent infractions were minor.  Yet, Defendant's most recent violation in 2021 was for possession of a dangerous weapon.  Defendant explains that the weapon was not his, the weapon was painted over at the bottom of locker in a cell that was not

---

[21] *Id.* at 1250-51.

[22] The Court notes that a sentencing disparity, when combined with other factors, may be considered an extraordinary and compelling reason warranting a sentencing reduction.  *See Maumau*, 993 F.3d at 837.  As noted above, however, the Tenth Circuit has already considered the sentencing disparity issue in this case and determined on appeal that Defendant's sentence was reasonable.

[23] 28 U.S.C. § 994(t).  Section 994(t) also provides that the Sentencing Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction" in promulgating general policy statements.  Although the Tenth Circuit's decision in *Maumau* instructs district courts that there are no applicable policy statements to consider when defendants file their own compassionate release motions, presumably, a district court must still follow Congress's explicit statutory directive in § 994(t) that rehabilitation alone is not "an extraordinary and compelling reason."

inspected prior to Defendant and his cellmate moving into it, and Defendant took responsibility for the weapon so that his cellmate's transfer was not stalled and terminated. The Court, however, must consider Defendant's written prison record, and it contains a very recent violation for a dangerous weapon. Accordingly, the Court cannot find that Defendant's post-rehabilitation efforts, alone or in combination with other factors, constitute an extraordinary and compelling reason.

Finally, the Court notes Defendant's argument about the support he will have if released from prison. The Court recognizes that several individuals, including Defendant's parents, daughter, and wife, have expressed the support Defendant will have when released from prison. Although the presence of this strong family support is important, it does not constitute an extraordinary and compelling reason warranting release.

In sum, Defendant fails to present an extraordinary and compelling reason warranting early release from prison.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release (Doc. 135) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 8th day of November, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE