## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| *Plaintiff,* | |
| vs. | Case No. 10-10175-01-EFM |
| DESHANE GANTT, | |
| *Defendant.* | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Deshane Gantt's Motion for Reconsideration or alternatively a Motion for Compassionate Release (Doc. 141). Defendant previously sought early release from prison due to his young age at the time he committed the offense, the length and disparity of his sentence between other defendants who committed the same offense, his post-rehabilitation conduct, and the support he will have if released from prison. The Court reluctantly denied his motion. Defendant is before the Court again, and the Court liberally construes his submission as one seeking reconsideration of the Court's order. For the reasons stated in more detail below, the Court grants Defendant's motion.

### I.      Factual and Procedural Background

On November 9, 2010, Defendant was charged with three counts: (1) bank robbery in violation of 18 U.S.C. § 2113(a) and (d); (2) one count of carrying, using, and brandishing a firearm

during and relating to a bank robbery in violation of 18 U.S.C. § 924(c)(1); (3) felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  On January 24, 2011, he pleaded guilty to Count II, brandishing a firearm during and in relation to a crime of violence.

The government and Defendant entered into a plea agreement in which the government agreed to recommend a sentence at the low end of the sentencing guidelines.  "For a violation of § 924(c), however, the Sentencing Guidelines do not provide a guideline sentencing *range* but only a guideline sentence, which is the statutory mandatory minimum."[1]  The statutory minimum for Defendant's violation, brandishing a firearm, was seven years.[2]  Thus, Defendant entered into the plea agreement and expected to receive the mandatory minimum sentence of seven years.

On April 25, 2011, Defendant was sentenced to 20 years' imprisonment.[3]  The Court varied from the seven-year statutory guideline sentence finding the sentence to be "woefully inadequate." The Court noted the seriousness of Defendant's offense and his prior criminal record, which included several juvenile offenses and an aggravated battery conviction when he was 18 years old for shooting an individual with a gun during an altercation.  The Court stated that it was impressed by Defendant's parents and had difficulty understanding why Defendant was in front of him. Ultimately, the Court imposed 240 months' imprisonment.

Defendant appealed his conviction and sentence to the Tenth Circuit Court of Appeals.  He argued that the district court's sentence was both procedurally and substantively unreasonable. The Tenth Circuit affirmed the Court's decision in a decision dated May 30, 2012.  In that opinion,

---

[1] *United States v. Gantt*, 679 F.3d 1240, 1243 (10th Cir. 2012) (citations omitted).

[2] 18 U.S.C. § 924(c)(1)(A)(ii), (D)(ii).

[3] Judge Monti Belot was originally assigned to this case.  In 2015, the case was transferred to the undersigned.

the Tenth Circuit stated that "Defendant's sentence was procedurally reasonable because the district court adequately explained why it varied from the guideline sentence, and it was substantively reasonable because the length of the sentence was not an abuse of discretion."[4]

Defendant filed several motions from 2013 through 2022 requesting reconsideration of his sentence. On August 23, 2022, Defendant filed a motion seeking compassionate release pursuant to 18 U.S.C. § 3582. He asserted that his young age at the time he committed the offense, the length and disparity of his sentence between other defendants who committed the same or similar offenses, his post-rehabilitation conduct, and the support he will have if released from prison warranted compassionate release. The government opposed his motion. This Court denied Defendant's motion.

Defendant then submitted a letter to the Court that the Court broadly construes as a motion for reconsideration. In this letter, he again takes responsibility for his poor choices as a young man and requests compassionate release. Defendant is 33 years old, and his projected release date is five years from now—July 25, 2028. The government opposes the motion.

## II.    Legal Standard

The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow a defendant to file his own motion for release.[5] It allows defendants to seek early release from prison provided certain conditions are met. The Tenth Circuit has set forth a three-part test

---

[4] *Gantt*, 679 F.3d at 1243.

[5] *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018). In this case, the Court construes Defendant's submission currently before the Court as one for reconsideration of the Court's previous order. Alternatively, it can be construed as another motion for compassionate release pursuant to § 3582(c)(1)(a).

for district courts to use when deciding a defendant's motion.[6]  This test requires the Court to consider whether (1) "extraordinary and compelling reasons" warrant the sentence reduction, (2) "such reduction is consistent with *applicable* policy statements issued by the Sentencing Commission," and (3) any reduction is consistent with the applicable sentencing factors set forth in 18 U.S.C. § 3553(a).[7]  However, "the Sentencing Commission's existing policy statement is applicable only to motions filed by the Director of the BOP, and not to motions filed directly by defendants."[8]  If the Court denies the motion because the defendant fails to meet one of the prerequisites, it may do so without addressing all the factors.[9]  If, however, the Court grants the motion, the Court must address all steps.[10]

### III.    Analysis

Defendant seeks compassionate release due to his young age at the time he committed the offense, the length of and disparity of his sentence between other defendants who committed the same or similar offenses, his post-rehabilitation conduct, and the support he will have if released from prison.  The government asserts that Defendant is not an appropriate candidate for early

---

[6] *See United States v. McGee*, 992 F.3d 1035, 1042-43 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)); *see also United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021) (discussing and employing the same three-part test).  Defendant satisfied the exhaustion requirement described in § 3582(c).

[7] *McGee*, 992 F.3d at 1042 (citations and internal quotation marks omitted) (emphasis in original).

[8] *Maumau*, 993 F.3d at 837 (citations omitted); *see also United States v. Hald*, 8 F.4th 932, 947 n.9 (10th Cir. 2021) (noting that the district court cannot err when it does not address the second step—the applicable policy statement—when there is not an applicable policy statement to motions filed by the defendant).

[9] *McGee*, 992 F.3d at 1043 (citation omitted); *see also Hald*, 8 F.4th at 942-43 (explicitly stating that a district court can choose which order to consider the three steps, and "[i]f the most convenient way for the district court to dispose of a motion for compassionate release is to reject it for failure to satisfy one of the steps, we see no benefit in requiring it to make the useless gesture of determining whether one of the other steps is satisfied.").

[10] *McGee*, 992 F.3d at 1043 (citation omitted).

release.  The Court previously denied Defendant's motion, but it will now reconsider whether Defendant presents an extraordinary and compelling reason warranting release.

## A.    Extraordinary and Compelling Reasons

"District courts, in carrying out the first step of § 3582(c)(1)(A)'s statutory test, decide for themselves whether 'extraordinary and compelling reasons' exist in a given case."[11]  Indeed, in *United States v. Maumau*, the Tenth Circuit explicitly determined that the district court correctly determined that the defendant's young age at the time of sentencing, the "incredible" length of his stacked mandatory sentences under § 924(c), and the subsequent elimination of the mandatory stacking of sentences amounted to an extraordinary and compelling reason allowing for a sentence reduction.[12]  Although the Court has "substantial discretion" in determining what constitutes an extraordinary and compelling reason, the amendments to § 3582(c)(1)(A) did "not create an open season for resentencing."[13]

In this case, the majority of the factors present in *Maumau* are also present here, and some to a greater degree.  In *Maumau*, a 20-year-old defendant was charged with eight counts, including several violations of § 924(c).[14]  The defendant was offered a plea deal with a ten-year sentence, but he rejected it, proceeded to trial, and was convicted on all counts.[15]  In 2011, he was sentenced to 57 years' imprisonment because at the time of the defendant's conviction, § 924(c)(1)(C) had a

---

[11] *Maumau*, 993 F.3d at 833.

[12] *Id.* at 837.  The Court notes that the First Step Act eliminated the stacking of § 924(c) offenses.  In this case, although Defendant was sentenced pursuant to § 924(c), he was not subject to stacked § 924(c) charges.

[13] *Hald*, 8 F.4th at 938, n. 4.

[14] *Maumau*, 933 F.3d at 826.

[15] *Id.* at 825-26.

stacking provision that required a consecutive sentence of 25 years. Accordingly, he was sentenced to the seven-year mandatory minimum for the first § 924(c) conviction and two 25-year mandatory minimum sentences for the second and third § 924(c) convictions.[16]

The defendant filed a motion for compassionate release in 2019, and after being imprisoned for 11 years, the district court granted the defendant's motion.[17] The district court found that the defendant's young age, the "incredible" length of his mandatory stacked sentences under § 924(c), the subsequent elimination of sentence-stacking, the extraordinarily long sentence compared to his co-defendants' significantly shorter sentences, and the government's plea offer of 10 years constituted an extraordinary and compelling reason for release.[18] The Tenth Circuit affirmed the district court's decision finding that that it was not an abuse of discretion.[19]

In this case, Defendant was also young as he was 21 years old when he committed the offense, pleaded guilty, and was sentenced.[20]

Another factor at issue is the length of Defendant's sentence compared to other defendants' sentences, including his co-defendant's sentence. In this case, Defendant's co-defendant was sentenced to 51 months' imprisonment with three years' supervised release. In comparison, Defendant was sentenced to 240 months' imprisonment. The Court recognizes that each defendant

---

[16] *Id.* at 826. The defendant appealed his convictions, and the Tenth Circuit affirmed. *Id.*

[17] *Id.*

[18] *Id.* at 837.

[19] *Id*.

[20] *See United States v. Maumau*, 2020 WL 806121, at *5 (D. Utah 2020) (noting one of the extraordinary and compelling reasons was that the defendant was 20 years old when he was arrested and 24 years old when he was sentenced).

performed different actions in relation to the charged offenses.[21]  Each defendant, however, was charged with a violation of § 924(c) and a violation of § 2113(a).  Defendant's co-defendant pleaded guilty to armed bank robbery, in violation of § 2113(a).  His sentencing guideline range was 51 to 63 months, and he was sentenced to 51 months' imprisonment—the low end.  Defendant pleaded guilty to § 924(c) and was subject to a seven-year mandatory minimum sentence.  Judge Belot increased that sentence by thirteen years.  Accordingly, there was a great discrepancy in the length of sentences received for involvement in the same crime.[22]

In comparing Defendant's sentence to other defendants' sentences who committed similar offenses, there is also a great disparity in length.  For example, in a different case before the undersigned, a defendant pleaded guilty to two counts of bank robbery in violation of § 924(c).[23]  Due to the defendant's criminal history, he was considered a career offender.  The defendant's guideline sentence for *two counts* of robbery and *career offender* status was 188 to 235 months' imprisonment.  Thus, the *upper* guideline range in that case was *five months less* than the sentence Defendant received in this case—and Defendant only had one § 924(c) count and was not considered a career offender.

In addition, in that case, the defendant received a 204-month imprisonment term and then filed a motion for compassionate release stating that he would no longer be considered a career offender due to a change in law, and thus the guideline range would now be 110 to 137 months.  The Court granted compassionate release to Defendant and reduced his 204-month sentence to

---

[21] Defendant entered the bank, while Defendant's co-defendant drove the vehicle.

[22] Again, the Court recognizes the distinction between the two Defendants' actions in the offense, but it notes that a 16-year sentencing discrepancy is unwarranted.

[23] Case No. 11-10158.  The Court notes that this case was filed only one year after Defendant's case.

time served because the defendant had served approximately 130 months (the top end of the revised guideline range) in conjunction with other circumstances in the case.[24]  In this case, as noted above, Defendant has served over 142 months for one § 924(c) offense (with no career offender status), and he still has approximately 65 months remaining on his sentence.

In addition, the comparisons and distinctions between Defendant and the defendant in *Maumau* are significant.  In *Maumau*, the defendant was convicted on eight counts and sentenced to 57 years' imprisonment.[25]  After serving 11 years' imprisonment, multiple factors supported his early release.  Some of the similar circumstances between *Maumau* and this case are the defendants' relatively young age, and that the government offered a plea agreement with substantially less time than the defendant received.  Furthermore, the defendant in *Maumau* had served 11 years, and Defendant in his case has currently served 13 years.  A distinction (that also favors Defendant) is that Defendant only committed one § 924(c) offense, compared to the three offenses in *Maumau*.  In addition, Defendant pleaded guilty in this case to one count, while the defendant in *Maumau* proceeded to trial and was ultimately convicted on eight counts.  Thus, the circumstances here support finding an extraordinary and compelling reason for compassionate release even more than in *Maumau*.

Furthermore, the Court notes that the average sentence in 2021 for all § 924(c) offenses was 136 months.[26]  The average imprisonment term for offenders convicted only under § 924(c)

---

[24] *Id*. at Doc. 153.

[25] *Maumau*, 993 F.3d at 826.

[26]                *See*                    https://www.ussc.gov/sites/default/files/pdf/research-and-publications/quick-facts/Section_924c_FY21.pdf

was 81 months.[27]  And 192 months' imprisonment was the average imprisonment term for career offenders.[28]  Again, the length of Defendant's 240-month sentence far exceeds these averages. Thus, there is a great unwarranted discrepancy between Defendant's sentence and other Defendants' sentences for the same or similar offenses.

The Court also notes that with regard to Defendant's sentence, he has greatly surpassed what he believed the plea agreement entailed, as well as the mandatory minimum of seven years, or 84 months.  In fact, had Defendant gone to trial and been convicted on all three offenses, his guideline range would have been 147 to 162 months.[29]  Defendant, however, was sentenced to 240 months—80 months more than the upper end of the guideline range for conviction on all three offenses.  Although the sentencing guidelines are not mandatory, "the Guidelines are to be the sentencing court's 'starting point and . . . initial benchmark.' "[30]  Here, the length and discrepancy between Defendant's sentence and other defendants' sentences for similar offenses, the discrepancy between the plea agreement that he was offered and the sentence ultimately imposed, and the discrepancy and great variance from the mandatory minimum set forth in the sentencing guidelines are all factors that support an extraordinary and compelling reason for compassionate release.[31]

---

[27] *Id.*

[28] *Id.*

[29] *See* PreSentence Investigation Report, Doc. 30, p. 20, ¶ 73.

[30] *Molina-Martinez v. United States*, 578 U.S. 189, 198 (2016) (quoting *Gall v. United States*, 552 U.S. 38, 49 (2007)).

[31] In addition, the Court notes that, upon reconsideration, it believes the previous finding that it was constrained by Tenth Circuit law was erroneous.  Although the sentencing disparity issue may have been upheld on appeal twelve years ago, it does not prevent the Court from considering whether the sentencing disparity, in combination with other factors, constitutes an extraordinary and compelling reason for compassionate release now. *See Maumau*, 993 F.3d at 837; *McGee*, 992 F.3d at 1048.

Finally, the Court notes that Defendant's post-rehabilitation conduct also supports the finding of an extraordinary and compelling reason for a sentence reduction. Defendant has done well in prison.  He has taken a 500-hour faith-based program and has maintained a job in prison. His disciplinary offenses have been minor.  He married while in prison, and he remained in contact with his parents and children.  Defendant's parents, wife, and daughter all wrote letters in support of Defendant and expressed their willingness to support Defendant upon release from prison.  The presence of this strong family support is important.   Accordingly, the Court finds that the combination of all the above circumstances constitute an extraordinary and compelling reason for Defendant's release.

**B**.   **Section 3553(a) Factors**

Because the Court finds that Defendant establishes an extraordinary and compelling reason for release, the Court must go on and consider whether Defendant's sentence reduction would comply with the sentencing factors enumerated in 18 U.S.C. § 3553(a) "to the extent that they are applicable."[32] Some of these factors include the nature and circumstances of the offense and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentence disparities.[33]

In this case, in 2010, Defendant robbed a bank of approximately $7,800.  He carried a firearm and yelled that he did not want the robbery to turn "into a homicide."  He grabbed the money from three cash registers and fled the bank into a nearby waiting car.  Defendant and his

---

[32] 18 U.S.C. § 3582(c)(1).

[33] 18 U.S.C. § 3553(a).

co-defendant were apprehended approximately five minutes later. The Court recognizes the serious nature of Defendant's offense, but at the same time, nobody was injured during the commission of the offense. And he has served approximately 13 years in prison for it.

The Court also recognizes that Defendant had several previous criminal offenses. However, most of Defendant's offenses occurred while he was a juvenile. Only one offense occurred when he was 18 years old, and it occurred two years prior to the offense for which he was sentenced.

As to unwarranted sentence disparities, the Court previously discussed the disparities in the length of sentences above. Suffice to say, Defendant was subject to a far greater sentence than the mandatory minimum. In addition, in comparison to other defendants' similar or greater offenses and criminal history, Defendant was subject to a longer term of imprisonment. And there were no aggravating factors with regard to Defendant's offense, so the disparity in sentence is unwarranted.

As noted above, Defendant received substantial time for the offense he committed. He has already served a significant amount of time for this offense. He has completed multiple courses in prison, has held a job while in prison, and has strong family support. Defendant has also submitted several pleadings in which he expresses regret for his offense and that he has learned from his mistakes and has rehabilitated himself while in prison.

In light of Defendant's young age at the time he committed the offense, the length of and disparity of his sentence between other defendants who committed the same or similar offenses, his post-rehabilitation conduct, the support he will have if released from prison, and the applicable factors under § 3553(a), the Court finds that a sentence of time served is sufficient, but not greater than necessary, to reflect the seriousness of his offense, afford adequate deterrence, and protect the

public.    Accordingly, the Court exercises its discretion and reduces Defendant's 240-month imprisonment term to time served.  Defendant shall remain subject to his term of supervised release of three years, which will begin immediately upon his release.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reconsideration, or Motion for Compassionate Release (Doc. 135) is **GRANTED**.

**IT IS SO ORDERED**.

Dated this 21st day of February, 2023.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE