IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 10-10175-01-EFM

DESHANE GANTT,

    *Defendant.*

**MEMORANDUM AND ORDER**

    This matter comes before the Court on Defendant DeShane Gantt's Motion for Relief from Restitution Order and Early Termination of Probation (Doc. 146). He seeks early termination of his three-year term of supervised release to pursue career opportunities and relief from his outstanding restitution liability. For the reasons stated in more detail below, the Court denies Defendant's motion.

    **I.**    **Factual and Procedural Background**

    On November 9, 2010, Defendant was charged with three counts: (1) bank robbery in violation of 18 U.S.C. § 2113(a) and (d); (2) carrying, using, and brandishing a firearm during and relating to a bank robbery in violation of 18 U.S.C. § 924(c)(1); and (3) felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).

    On April 25, 2011, after pleading guilty to Count II—brandishing a firearm during and in relation to a crime of violence—the Court sentenced Defendant to 240 months' imprisonment. In

addition, the Court ordered the imprisonment to be followed by supervised release for a term of 3 years and ordered Defendant to pay $100 for a special assessment and $18,407 in restitution. The restitution liability was ordered joint and several with Co-Defendant Christopher Crabtree.

From 2013 to 2022, Defendant filed several motions seeking reduction of his sentence. On August 23, 2022, Defendant filed a motion for compassionate release under 18 U.S.C. § 3582. Defendant sought release due to his young age at the time he committed the offense, the length and disparity of his sentence compared to other defendants who committed the same offense, his post-rehabilitation conduct, and the support he would have after prison. The Court denied Defendant's motion.

On January 13, 2023, Defendant filed a letter seeking guidance from the Court, which the Court construed as a motion for reconsideration. The Court then entered an Order granting Defendant's motion for compassionate release, which stated:

> In light of Defendant's young age at the time he committed the offense, the length and disparity of his sentence between other defendants who committed the same or similar offenses, his post-rehabilitation conduct, the support he will have if released from prison, and the applicable factors under § 3553(a), the Court finds that a sentence of time served is sufficient, but not greater than necessary, to reflect the seriousness of his offense, afford adequate deterrence, and protect the public.

The Court modified Defendant's sentence to time-served, and he was released from the Bureau of Prisons ("BOP") custody on February 28, 2023.

On August 14, 2024, after serving 17 months of his supervised release, Defendant filed the instant motion asking the Court to terminate his supervised release and eliminate the remaining balance of his restitution order. As of August 22, 2024, the balance due on the restitution judgment is $2,195.99.

-3-

## II.     Analysis

**A.     The early termination of Defendant's supervised release is neither warranted nor in the interest of justice.**

Defendant seeks early termination of supervised release under 18 U.S.C. § 3583(e)(1).  He argues that early termination is warranted because he has complied with the conditions of his probation, has had steady employment since his release, and has demonstrated significant growth and responsibility.  According to Defendant, he shows no signs of recidivism and has completed drug treatment at Hunter Health Clinic and through the Color Code program.  Defendant also argues that he needs to travel out of state to pursue a career opportunity in the music industry, and early termination of his supervised release would allow him to pursue this opportunity without the restraints imposed by his supervision.

Under 18 U.S.C. § 3583(e)(1), the Court may terminate a previously imposed term of supervised release after the defendant completes at least one year of the term, and the Court is satisfied the following two requirements are met: (1) early termination is "warranted by the conduct of the defendant released" and (2) early termination is in "the interest of justice."  It is within the Court's discretion whether to grant a motion to terminate supervised release.[1]  In considering a request for early termination, § 3583(e)(1) directs the Court to weigh the factors set forth in § 3553(a) to the extent that they are applicable.[2]

---

[1] *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012) (citing *United States v. Lowe*, 632 F.3d 996, 998 (7th Cir. 2011)).

[2] 18 U.S.C. § 3583(e)(1).

*1.     Section 3553(a) Factors*

The relevant factors under § 3553(a) that the Court must consider are:  (1) the nature and circumstances of the offense and the defendant's personal history and characteristics; (2) adequate deterrence; (3) protection of the public; (4) the need for effective education, training, care or treatment; (5) the sentencing guideline factors and range in effect at the time of sentencing; (6) pertinent Sentencing Commission policy statements; (7) the need to avoid unwarranted sentencing disparities between similarly-situated defendants; and (8) the need to provide victim restitution.[3]

The Court finds that the relevant § 3553(a) factors do not weigh in favor of termination. Defendant's personal history and characteristics do not support termination.  Defendant's history reveals that at the age of 21, he had adjudications and convictions for criminal use of a weapon, possession of marijuana, possession of a firearm by a juvenile, disorderly conduct, and aggravated battery. While incarcerated, Defendant continuously disregarded authority and was disciplined multiple times, including for assault and possession of a dangerous weapon.

Additionally, continued supervision will provide an adequate deterrent to criminal conduct and protect the public from Defendant's potential future crimes.  The United States Probation Office ("USPO") opposes early termination because Defendant has not consistently complied with the terms of his supervision.  He has tested positive for THC multiple times, including twice in the last month.

Finally, Defendant is jointly and severally liable for the restitution imposed in this case, and a balance of $2,195.99 remains.  Defendant's payments toward the restitution balance have been inconsistent while on supervised release, thus weighing against termination of his

---

[3] 18 U.S.C. § 3583(e) (citing 18 U.S.C. § 3553(a) factors).

supervision. Accordingly, the Court concludes that the relevant § 3553(a) factors do not support termination of Defendant's supervised release.

    2.    *Interest of Justice*

Based on the § 3553(a) factors, the opinion of the USPO, and the position of the Government, the Court concludes that continued supervision is in the interest of justice. In his motion, Defendant states early termination of supervised release would allow him to pursue his career as a musical artist, meet industry executives and other rising stars, and potentially live out-of-state. But Defendant's conditions of supervision are not burdensome. He is not prohibited from meeting with others as long as they are not engaged in criminal activity. And, even if his meetings are out-of-town, he is only required to provide two weeks' notice of his intent to travel outside the greater Wichita area. Furthermore, if Defendant chooses to relocate, his supervision could be transferred to the new district in which he resides. Accordingly, the Court denies Defendant's request for early termination of his supervised release.

**B.    The Court lacks authority to reduce the restitution order.**

Next, Defendant seeks relief from the restitution order imposed as part of his sentence. Defendant argues that the $18,000 restitution amount is not directly attributable to his actions and that payment is excessively burdensome due to his financial circumstances. Even if these arguments are true, the Court lacks authority to reduce the restitution amount in this instance.

Defendant was ordered to pay restitution pursuant to the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A. Restitution under the MVRA is issued and enforced in

accordance with 18 U.S.C. § 3664.[4]  Subsection (o) of this statute sets forth when a restitution order may be altered.[5]  It states:

> (o) A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that—
>
> (1) such sentence can subsequently be—
>
> > (A) corrected under Rule 35 of the Federal Rules of Criminal Procedure and section 3742 of chapter 235 of this title [18 U.S.C. § 3742];
> >
> > (B) appealed and modified under section 3742 [18 U.S.C. § 3742];
> >
> > (C) amended under subsection (d)(5) [18 U.S.C. § 3664(d)(5)]; or
> >
> > (D) adjusted under section 3664(k); 3572, or 3613A [18 U.S.C. §§ 3664(k), 3572, or 3613A].

The only options that may apply here are a correction under Rule 35 or an appeal under 18 U.S.C. § 3742.  Both of these options, however, must be exercised within 14 days of entry of judgment.[6]  Here, Defendant moved 13 years after entry of the restitution order.  Because his motion is untimely, the restitution order cannot be corrected or appealed.  The remaining options address (1) increasing the order to include subsequently discovered victim losses;[7] (2) adjusting a payment schedule as a result of a change in the defendant's economic situation;[8] (3) making the entire loan due after the defendant defaults on payments;[9] and (4) adjusting the payment schedule

---

[4] *United States v. Wyss*, 744 F.3d 1214, 1218 (10th Cir. 2014).

[5] 18 U.S.C. § 3664(o).

[6] *See* Fed. R. Civ. P. 35(a); Fed. R. App. P. 4(b)(1)(A)(i).

[7] 18 U.S.C. § 3664(d)(5).

[8] 18 U.S.C. § 3664(k).

[9] 18 U.S.C. § 3572.

following default.[10]  None of these options are applicable here.  Thus, the Court denies Defendant's request to reduce the restitution judgment.

The Court does have authority to adjust Defendant's payment schedule, but it declines to do so.  The current schedule requires payment of "not less than 5% of the defendant's monthly gross household income over a period of 3 years, to commence 30 days after release of imprisonment to a term of supervision."  The USPO put Defendant on a payment plan of $50 per month, which means that if Defendant continues to pay this amount, the restitution judgment will be satisfied in less than 4 years.  In addition, Defendant is jointly and severally liable for the restitution judgment with his Co-Defendant.  Thus, any payments made by his Co-Defendant will reduce the amount Defendant is required to pay.  Defendant has not shown that $50 per month imposes an undue financial burden on him.  Thus, the Court declines to modify Defendant's payment schedule.

**IT IS THEREFOR ORDERED** that Defendant's Motion for Relief from Restitution Order and Early Termination of Probation (Doc. 146) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 14th day of November, 2024.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[10] 18 U.S.C. § 3613A.